[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to open a dissolution judgment to increase the amount of child support the plaintiff is obligated to pay the defendant.
On August 14, 1986, a judgment dissolving the parties' marriage was rendered, Noren, J., wherein the plaintiff was ordered to pay child support of $41 per week per child for two, minor children for a total child support obligation of $82 per week. The plaintiff was also ordered to maintain health insurance for the children. On March 20, 1997, the defendant filed a motion to modify child support pro se. On May 23, 1997, the defendant, through counsel, filed the motion to modify child support which is the subject of this memorandum. On September 2, 1997, the court held an evidentiary hearing on the motion.
The court finds the following facts. At the time of dissolution the plaintiff's gross income was about $470 per week and his net income around $350 per week. Presently, his gross income is around $700 per week and his net income around $525 per week. His actual earnings reasonably approximate his earning capacity. This increase in income constitutes a substantial change in circumstances warranting a modification of the existing child support orders under G.S. § 46b-86 (a).
The defendant claims that the plaintiff earns additional income as a musician and as a typesetter. The plaintiff denies these sources of additional income. The court finds that the defendant has failed to prove that the plaintiff is earning such supplemental income. CT Page 9378
The parties' elder child has reached majority. The defendant's gross income is $178 per week, and her net income is about $157 per week.
Applying the child support guidelines promulgated under G.S. § 46b-215a, the court makes the following calculations. The parties' combined net weekly income is around $682. The basic obligation under the guidelines, therefore, is $171 per week plus $10 per week for health insurance premiums attributable to the minor child for a total support obligation of $181 per week. The plaintiff's share of the combined net weekly income is 77%, making his share of the support obligation $139 per week (.77 times $181). The court modifies the plaintiff's child support obligation to $140 per week.
The court declines to make this modification retroactive because the plaintiff has voluntarily paid nearly the guidelines amount for the past several years without being ordered by the court to do so.
The court also modified the judgment with respect to the health insurance for the minor child. The defendant's present husband has included the child under his health insurance program which costs an extra $10 per week to cover the child. This health insurance is cheaper and more comprehensive than that available to the plaintiff through his employment. The court orders the plaintiff to reimburse the defendant for the added cost to include the child under her husband's policy rather than be required to carry the child under his own policy.
SFERRAZZA, J.